## Isadore Plotke v. The Chicago Title & Trust Co. et al.

1.   COUNTY COURTS—*Power to Remove an Assignee.*—The County Court has power to remove an assignee for sufficient cause shown.

2.   ASSIGNEES—*Cause for Removing.*—The court holds that the evidence in this case is of such a character as to warrant the order of removal of the assignee.

**Petition to Remove an Assignee.**—Appeal from the County Court of Cook County; the Hon. ORRIN N. CARTER, Judge, presiding.   Heard in this court at the March term, 1899.   Affirmed.   Opinion filed January 16, 1900.

WM. A. MARSH, attorney for appellant; G. W. AMBROSE, of counsel.

ROSENTHAL, KURZ & HIRSCHL, attorneys for appellees.

MR. JUSTICE SHEPARD delivered the opinion of the court.

Negley & Co. filed their deed of assignment in the County Court, to the appellant, for the benefit of their creditors, on December 22, 1896, and under it the appellant qualified and proceeded to administer the affairs of the insolvent estate. About one year after the assignment a petition was filed in the County Court, by the assignors and a majority in interest of the creditors of the estate, asking for the removal of the appellant as assignee, and the appointment of some proper person in his place.

The petition charged appellant, as assignee, with numerous acts of malfeasance and misfeasance in connection with the estate, and the appellant answered, denying some of the charges, confessing and avoiding others, and insisting that if he be allowed his reasonable fees as assignee, and his proper charges for attorney's services, procured by him to be rendered in behalf of the estate, he will have accounted for substantially everything that has come to his hands as assignee.

Upon the hearing, the order appealed from was entered in accordance with the prayer of the petition. That order, and its recitals and findings, are as follows:

" Now comes on to be heard the petition filed herein of Henry C. Negley and Eliab L. Negley, assignors, and of various creditors of said insolvents named in said petition, whose claims have been duly filed herein, praying for the removal of Isadore Plotke, assignee of the estate of said insolvent debtors, and for the appointment of a successor of said assignee, and for an order directing the said assignee to turn over the balance of said estate in his hands to such successor, which said petition was filed herein on December 11, 1897.

And the court having fully heard the same, and the answer of Isadore Plotke, assignee herein, to said petition, and upon the full inspection of the files, orders and records of this court in this matter, and upon the evidence heretofore taken in this court upon the hearing for an allowance of assignee's and attorney's fees in this case, and the argument

of counsel for the respective parties herein, and all the parties in interest being present,

The court finds that the said Isadore Plotke, assignee herein, has neglected his duties as such assignee; that he has mismanaged said estate; that he has misappropriated and loaned to others, without leave of court, proceeds of said estate; that he has neglected and refused to comply with various orders of this court in matter of the accounting and distribution of said estate, and has neglected to distribute the proceeds of said estate, and has made unreasonable and unjust claims and demands for his services as assignee, and for services of his attorney; that he has appealed from the order of this court heretofore entered, disallowing his petition of assignee's and attorney's fees; and that his attitude is antagonistic and hostile to the interest of the creditors of said estate, and the assignors of said estate and the interest of said estate; that he has been continually, ever since his appointment as assignee herein, derelict in his duty, and has improperly administered said estate; and that the said assignee is guilty of wasting and misapplying the said trust estate.

And it is therefore ordered and decreed by this court that the said Isadore Plotke, assignee herein, be and he is hereby removed as such assignee, and that the Chicago Title and Trust Company be and is hereby appointed in his stead as assignee of said estate to fulfill the duties of said trust; and that the said Isadore Plotke forthwith turn over to his said successor all the estate in his hands, amounting to eleven hundred seven dollars and eighty-eight cents ($1,107.88), and that his said successors, upon giving bonds, as provided by law, shall have full power to execute the duties of such assignee, as provided by statute in such case made and provided.

And it is further ordered and decreed that upon the receipt by said successor of the estate so turned over to him by said Isadore Plotke, such successor hold the same until the final determination of the appeal by the said Plotke from the order disallowing assignee's and attorney's fees, and until the further order of this court."

It will be seen by the recitals of the order that the County Court took into consideration, upon the hearing of his petition, the evidence theretofore taken upon the hearing of appellant's application for an allowance of fees to himself as assignee; and appellant makes the point that such evidence was improperly considered by the court upon

this petition. But he has brought up the record in that proceeding, including the bill of exceptions containing the evidence taken upon such application, and has filed it as a part of the record in this appeal, and has made a lengthy abstract of it for our use in considering whether the petition was properly acted upon.

We must consider such evidence as properly before us. And it was manifestly proper for the County Court to consider such evidence. An assignment proceeding under our statutes is an entire proceeding, so far, at least, as the conduct of an assignee in the administration of the affairs of the estate is concerned, and evidence taken upon an application by the assignee for his fees, which tends to show that he has been guilty of such misconduct in managing the estate as to disentitle him to an allowance for fees may properly be considered upon an application by the same parties who resisted his application for fees, for his removal as assignee for the same misconduct. Evidence so taken must stand for whatever it is applicable in the proceeding.

The power of the County Court to remove an assignee for cause can not be doubted. Secs. 20 and 48, Chap. 72, Starr & Curtis' Annotated Statutes.

We do not repeat the evidence. It was of a character that warranted the order. Indeed, counsel for appellant does not contend that the order was not a proper one under the evidence, but insists that the evidence was not properly before the County Court in this removal proceeding, which is the only proceeding now before us.

We discover no error, and the order of the County Court is affirmed.